Michael Beck (10381)
Karthik Nadesan (10217)
Nadesan Beck P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140
Email: mike@nadesanbeck.com
karthik@nadesanbeck.com
*Attorneys for Plaintiff Joseph Guildwolff*

FILED
U.S. DISTRICT COURT

2015 DEC 28  A 9:38

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOSEPH GUILDWOLFF, an individual, | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| **DAVIS COUNTY SCHOOL DISTRICT**, a political subdivision of the State of Utah **DAVIS HIGH SCHOOL**, a political subdivision of the State of Utah, **BRIANNE LAND ALTICE,** an individual, **BRYAN BOWLES**, Superintendent, **CRAIG POLL**, Assistant Superintendent, **PAMELA PARK**, Assistant Superintendent, **CRAIG CARTER**, Assistant Superintendent, **DEE BURTON**, Principal, **RICHARD FIRMAGE**, Assistant Principal, **RYAN BISHOP**, Assistant Principal, **CATHY EVANS**, Assistant Principal**, DAVE NIELSON**, Assistant Principal and **DOES 1-10.** Defendants. | `Case: 1:15cv00162` `Assigned To : Shelby, Robert J.` `Assign. Date : 12/28/2015` `Description: Guildwolff v. Davis` `County School District` |
| Defendants. | |

Plaintiff Joseph Guildwolff ("Joey") hereby submits this Complaint against the above-named Defendants and alleges as follows:

### PARTIES

1.      Plaintiff Joseph Guildwolff is a resident of Carlsbad, California. Although now an

adult, at the time of the incidents complained of, Joey was 17 years old, a minor child under Utah law.

2.      The incidents that give rise to this Compliant took place in Davis County, State of Utah.

3.      Davis County School District ("DCSD") is a Utah governmental entity with its principal place of business at 385 West 1000 North, Bountiful, Utah 84010.

4.      Davis High School ("DHS") is a Utah governmental entity with its principal place of business at 325 S. Main Street, Kaysville, Utah 84037.

5.      Upon information and belief, Defendant Dr. Bryan Bowles ("Bowles") was Davis County School District's Superintendent at all relevant times alleged herein.

6.      Upon information and belief, Defendant Craig Poll was Davis County School District's Assistant Superintendent at all relevant times alleged herein.

7.      Upon information and belief, Defendant Pamela Park was Davis County School District's Assistant Superintendent at all relevant times alleged herein.

8.      Upon information and belief, Defendant Craig Carter was Davis County School District's Assistant Superintendent at all relevant times alleged herein.

9.      Upon information and belief, Defendant Dee Burton, was Davis High School's Principal at all relevant times alleged herein.

10.     Upon information and belief, Defendant Richard Firmage was Davis High School's Vice Principal at all relevant times alleged herein.

11.     Upon information and belief, Defendant Ryan Bishop was Davis High School's Vice Principal at all relevant times alleged herein.

12.     Upon information and belief, Defendant Cathy Evans was Davis High School's Vice Principal at all relevant times alleged herein.

13.     Upon information and belief, Defendant Dave Nielson was Davis High School's Vice Principal at all relevant times alleged herein.

14.     Brianne Altice ("Altice") was an English teacher and an employee of DCSD and DHS. Altice was employed by DHS and DCSD at all relevant times alleged herein.

2

## JURISDICTION

15.    The Court has jurisdiction subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

16.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by an person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing equal rights of citizens or of all person within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

17.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy in this matter exceeds $75,000, and there is diversity between the parties.  Plaintiff resides in Carlsbad, California, and Defendants are either located in and/or reside in the State of Utah.

18.    This Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367, which gives district courts jurisdiction over state common law claims arising out of the same set of operative facts.

19.    Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

20.    Plaintiff also brings this action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

21.    Plaintiff brings this action to redress negligence and resulting harm under Utah State common law.

22.    Notice of this claim was served as required by statute on or about October 27, 2014, with supplemental service being served on December 24. 2014.

23. Defendants have failed to respond to the notice of claim and thus this action is proper under Utah Code § 63G-7-403.

24.  This action is brought within one year of Defendants' denial of the claim pursuant to Utah Code § 63G-7-403.

### VENUE

25.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since all Defendants reside or resided in this District and the events giving rise to the claims occurred in this district.

### FACTS

26.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27.  Upon information and belief, Ms. Altice had improper sexual relationships or acted in a manner indicating that she was likely to engage in improper sexual relationships with minor children and/or students prior to her accepting a teaching position at Davis High School.

28.  Upon information and belief, Defendants knew or should have known of Ms. Altice's improper relationships with minor children prior to her being offered a teaching position at Davis High School.

29.  Prior to the improper relationship and sexual abused alleged herein, Defendants had reprimanded Ms. Altice for inappropriate dress and behavior.

30.  In 2013, Ms. Altice was Joey's 11th Grade English teacher, and he was also a Teacher's Assistant for Ms. Altice and had other classes with her. Joey was 17 years of age at this time.

31.  As a teacher and adult, Ms. Altice occupied a position of special trust with Joey.

32.  Ms. Altice began flirting with Joey and other male students while Ms. Altice was their teacher.

33.  Ms. Altice allowed Joey and other male students to be in her classroom even though Joey and the other students were supposed to be in other scheduled classes.

34.  At times, Joey and the other male students would skip their other classes and spend the entire day in Ms. Altice's classroom.

35.  Defendants knew or should have known that these improper activities were taking place on a regular basis and failed to respond.

36.  Upon information and belief, Defendants' employees were aware of these improper activities and either knew or were suspicious of an improper and/or sexual relationship between

4

Joey and Ms. Altice.

37.   Upon information and belief, Defendants' employees made comments to Joey about this improper relationship, including comments referencing the sexual nature of the relationship.

38.   Joey and other male students would text Ms. Altice during school hours.

39.   Ms. Altice would text Joey and call him on his cellphone both during school hours and at other times.

40.   Joey and other male students often made inappropriate and sexual comments to Ms. Altice in the presence of other students.

41.   Ms. Altice would often confide in Joey and other male students about her marital problems.

42.   Joey confided in Ms. Altice regarding his troubled childhood and the fact that he was physically and sexually abused as a child.

43.   Ms. Altice took advantage of Joey's vulnerabilities and began flirting with Joey during school hours and on school property.

44.   Defendants were aware of Ms. Altice's conduct and her inappropriate relationships with Joey and other male students during school hours and on school property.

45.   Ms. Altice kissed and engaged in other physical and sexual contact with Joey and the other male students. Such acts occurred at various locations including school property, parking lots, parks and Ms. Altice's home, including during school hours.

46.   Ms. Altice's sexual relationship with Joey and other male students was known to other students and staff at DHS.

47.   Upon information and belief, the running joke amongst the students at DHS was "who is Ms. Altice sleeping with now."

48.   Upon information and belief, DHS and DCSD administration knew that Ms. Altice was engaged in inappropriate behavior (the improper relationships and sexual abuse) that was occurring during school hours, after school hours, on school property and off school property. Despite this knowledge, Defendants did nothing to stop Ms. Altice's conduct or protect Joey and the other victims.

49.   Defendants' acts and omissions, as alleged throughout this Complaint, manifested a willful, knowing, reckless and deliberate indifference toward, and a disregard of, the rights of

5

Joey, his parents, and other victims.

50.     Upon information and belief, when Joey approached Davis High's principal and told him about the sexual relationship with Ms. Altice, the principal exclaimed that they (the administration of Davis High) had a suspicion that was the case.

51. Joey and his guardians entrusted Joey's safety and care to Defendants, their agents and employees, and relied upon Defendants' promises of safety, vigilance, and care. Defendants held a special relationship with, and owed a duty to, Joey and his parents to protect and ensure Joey's safety while in the custody and control of DHS.

52.     As part of their promises of safety, vigilance and care, Defendants owed Joey these additional duties:

a. Defendants owed Joey the duty to provide equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution.

b. Defendants owed Joey a duty of providing a non-hostile educational environment such that Joey was not excluded from participation in, being denied the benefits of, and subjected to discrimination in Defendants' education program in violation of Title IX; 28 U.S.C. 1681.

c. Defendants owed Joey the duty to thoroughly research Ms. Altice's background and teaching experience before hiring her.

d. Defendants owed Joey the duty to only vet and hire qualified staff.

e. Defendants owed Joey the duty to train their staff on how to report suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

f. Defendants owed Joey the duty to train their staff on how to properly investigate suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants custody and control.

g. Defendants owed Joey the duty to properly and thoroughly investigate suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

h. Defendants owed Joey the duty to properly supervise staff members suspected of perpetrating safety hazards, including inappropriate behavior and/or sexual abuse, on children in Defendants' custody and control.

6

i. Defendants owed Joey the duty to properly report suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

j. DHS and DCSD owed Joey the duty to immediately suspend or terminate a staff member suspected of perpetrating safety hazards, including inappropriate behavior and/or sexual abuse, on children in Defendants custody and control.

k. Defendants owed Joey the duty to supervise their staff and ensure that all safety policies were being taught, implemented and enforced.

l. In sum, Defendants owed Joey the duty to perform their work with maximum regard for the safety of the students.

53.    Defendants breached the duties, were deliberately indifferent and were clearly unreasonable in light of the known circumstances, through the following acts and/or omissions :

a. Defendants failed to provide Joey equal protection of the law pursuant to the Fourteenth Amendment to the United States Constitution.

b. Defendants failed to provide Joey a non-hostile educational environment such that Joey was not excluded from participation in, being denied the benefits of, and subjected to discrimination in Defendants' education program in violation of Title IX; 28 U.S.C. 1681.

c. Defendants failed to thoroughly research a Ms. Altice's background and teaching experience before hiring her.

d. Defendants failed to only hire qualified staff.

e. Defendants failed to train their staff on how to report suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

f. Defendants failed to train their staff on how to properly investigate suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

g. Defendants failed to properly investigate suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

h. Defendants failed to properly supervise staff members suspected of perpetrating

7

safety hazards, including inappropriate behavior and/or sexual abuse, on children in Defendants' custody and control.

   i. Defendants failed to properly report suspected safety hazards, including inappropriate behavior and/or sexual abuses, being perpetrated on children in Defendants' custody and control.

   j. Defendants failed to immediately suspend or terminate a staff member suspected of perpetrating safety hazards, including inappropriate behavior and/or sexual abuse, on children in Defendants' custody and control.

   k. Defendants failed to supervise their staff and ensure that all safety policies were being taught, implemented and enforced.

   l. Defendants failed to provide any support for Joey after learning of the incident, and in fact, Joey was suspended for several days and told he would be arrested for trespassing if he was found on school grounds.

   m. In sum, Defendants failed to perform their work with maximum regard for the safety of the students.

  54. Because Defendants chose to not fulfill their obligations and duties outlined above, Ms. Altice had access to, and was able to perpetuate harmful relationships and physical contact with Joey and other students.

  55. Because DHS and DCSD chose to not fulfill their obligations and duties outlined above, Ms. Altice had access to, and was able to perpetuate harmful physical and sexual contact with Joey and other students.

  56. Because DHS and DCSD chose to not fulfill their obligations and duties outlined above, Ms. Altice had access to, and was able to perpetuate harmful physical and sexual contact with Joey and other students.

  57. Upon information and belief, Defendants retaliated against Joey when he informed them of Ms. Altice's behavior, including preventing Joey from attending graduation ceremonies with his class.

  58. As a proximate results of Defendants' acts and omissions, Joey has suffered severe harms and injuries, including but not limited to, physical pain and injuries; severe psychological, mental and emotional injuries including distress, fear, humiliation, injury to self-esteem,

8

confusion, intimidation and other injuries.

## UTAH STATE COMMON LAW CLAIMS
### FIRST CAUSE OF ACTION

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60. Joey was placed by his guardians under the care, control and supervision of Defendants.

61. A fiduciary relationship existed between Defendants and Plaintiff as Defendants were responsible for Joey's care and safety while at DHS.

62. As a result of the fiduciary relationship between Defendants and Plaintiff, Defendants owed Plaintiff duties of honesty, fidelity and a duty to do no harm, to uphold their trust, to treat them with the utmost good faith, and to act for their benefit.

63. Defendants breached their duties by the acts and omissions alleged herein.

64. Defendants' breaches of their duties alleged herein were a proximate cause of Plaintiff's injuries and damages.

### SECOND CAUSE OF ACTION

65. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

66. Defendants had a duty to adopt, implement, and act on appropriate and reasonable policies, procedures regarding the hiring, training, re-hiring, supervision and oversight of its staff, and regarding the safety and security of the children over whom they exercised control and custody.

67. Defendants breached their duties to implement and act on appropriate and reasonable policies, procedures, and practices regarding the hiring, training, re-hiring, supervision, and oversight of its staff, and regarding the safety and security of the children over whom they exercised custody and control.

68. Defendants' breaches of their duties as alleged herein were a proximate cause of Plaintiff's injuries and damages.

### THIRD CAUSE OF ACTION

69. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

70. Defendants owed Plaintiff a duty to exercise reasonable care in investigating, hiring, training, re-hiring, retaining, and supervising Ms. Altice.

71. Defendants breached their duties owed to Plaintiff by their negligence and recklessness in investigating, hiring, training, re-hiring and supervising Ms. Altice.

72. As a result of Defendant's failures, Ms. Altice was allowed to cultivate a relationship with Joey wherein he was manipulated, lied to and had his trust betrayed.

73. This harmful relationship, separate and apart from any sexual abuse that occurred, has been a proximate cause of Plaintiff's injuries alleged herein.

74. Defendants' breaches of their duties as alleged herein were a proximate cause of Plaintiff's injuries and damages.

## FOURTH CAUSE OF ACTION

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Defendants' acts and omissions caused Plaintiff emotional distress.

77. Defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress and the distress, if caused, might result in illness and psychological, emotional and/or bodily harm.

78. Plaintiff has suffered illness, psychological emotional and/or bodily harm as a proximate result of Defendants' acts or omissions.

79. Defendants' breaches of their duties as alleged herein were a proximate cause of Plaintiff's injuries and damages.

## FIFTH CAUSE OF ACTION

80. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81. While acting as an agent for the DCSD, Brianne Altice allowed for students to skip other classes to, meet with students outside of school, allowed for inappropriate relationships between Ms. Altice and several students to develop, and overall created an atmosphere that was likely obvious, but at a minimum, was or should have been detected by the other teachers and Principals, if Defendants and the other employees and agents of Davis High School had been

10

performing their duties.

82.     The improper relationship, sexual perpetrations and sexual harassment by Brianne Altice, while in a position of trust, could have been reasonably foreseen and prevented by Defendants.

83.     Therefore, Defendants are liable for the acts committed by Brianne Altice.

84.     Defendants' breaches of their duties as alleged herein were a proximate cause of Plaintiff's injuries and damages.

**FEDERAL CLAIMS**

**SIXTH CAUSE OF ACTION**

**Claims under 20 U.S.C. § 1681**

85.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86.     Upon information and belief, Davis County School District is a public education system that receives federal financial assistance from the United States Government and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C. § 1681.

87.     Joey was a student at Davis High School. As such, Joey was a member of a protected class under Title IX.

88.     School Officials were all employees of Davis County School District and all were vested with the power and authority to address the discrimination and abuses alleged herein and to have instituted corrective measures on Plaintiffs' behalf.

89.     None of the School officials instituted corrective measures.

90.     School Officials had actual notice or should have known of the improper relationships Ms. Altice had with students prior to, and during, her employment as a teacher for Davis High School.

91.     The type, frequency and duration of the harassment and sexual assaults endured by Joey affected Joey's education and his relationship with fellow students and Davis County High School and led to an extremely hostile environment at school.

92.     The conduct alleged herein detracted from Joey's educational experience in that he was denied equal access to the school's resources and educational opportunities.

93.     The conduct alleged herein deprived Joey from accessing the full educational

11

benefits and other opportunities provided by Davis High School because the discrimination, harassment, touching, had a devastatingly adverse impact on Joey's ability to perform academically, socially, and to otherwise be a fully participating member in the school community.

94.    Defendants' acts and omissions as alleged herein constitute a deliberate indifference towards Joey's rights and safety, and such deliberate indifference caused Joey the harms as alleged herein.

## SEVENTH CAUSE OF ACTION

95.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

96.    Defendants were all state actors acting under the color of state law.

97.    School Official Defendants were all employees of Davis County School District, a governmental body created by statute to provide public education to the children who reside within its boundaries.

98.    Joey is a member of an identifiable class.

99.    As supervisors of at a state run institution, Defendants had a duty of care to protect Joey from harassment and sexual abuse equally to the protection of other students, regardless of race, sex, or stats if relationship.

100.  Defendants, acting under color of law and acting pursuant to customs, practices and policies, official or unofficial, deprived Joey of rights and privileges secured to him by the Fourteenth Amendment to the United States Constitution and by other laws of the United States, by failing to provide equal protection and impacting Joey's liberty interest in his mental and physical integrity in violation of 42 U.S.C. 1983 and related provisions of federal law.

101.  Defendants each subjected Plaintiff of the right to personal security, bodily integrity and Equal protection of the laws by: failing to investigate Ms. Altice's inappropriate behavior and improper relationship with students despite having direct knowledge that Ms. Altice had engaged in similar inappropriate relationships with minor children in the past and that Ms. Altice was maintaining an improper relationship, both mentally and physically.

102.  Defendants' acts and omissions as alleged herein constitute a deliberate indifference towards Joey's rights and safety, and such deliberate indifference shocks the

12

conscience and caused Joey the harms as alleged herein.

103. Defendants' acts and omissions impacted upon Joey's Fourteenth Amendment right under the Due Process Clause to a liberty interest in his mental and physical bodily integrity.

## JURY DEMAND

Plaintiff demands that a jury try all issues of fact so triable.

## PRAYER FOR RELIEF

WHEREFORE, Joey requests the following relief:

A. For damages for Plaintiff's physical, mental, psychological and emotional pain, anguish, distress, discomfort and loss of enjoyment of life, in amounts to be proven at trial;

B. For damages for past and future expenses for counseling, therapy, and related care and treatment, in amounts to be proven at trial;

C. For punitive damages against Ms. Altice;

D. For costs, expenses and attorney's fees associated with this proceeding to the extent allowed by law;

E. For pre- and post-judgment interest to the extent allowed by law;

F. For reasonable attorney fees; and

G. For such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 24th day of December, 2015.

NADESAN BECK P.C.

/s/ Michael Beck

Michael Beck
*Attorney for Joseph Guildwolff*

13