IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH GUILD-WOLFF,<br>　　　　　　　　　　Plaintiff,<br>v.<br>DAVIS COUNTY SCHOOL DISTRICT, BOARD OF EDUCATON OF THE DAVIS SCHOOL DISTRICT, BRIANNE LAND ALTICE, BRYAN BOWLES, DEE BURTON, RICHARD FIRMAGE, KATHY EVANS, SCOTT NIELSEN, and DOES 1-10.<br>　　　　　　　　　　Defendants.<br>And<br><br>ADRIAN PEREZ-TAMAYO, GINA MUSCOLINO, and JOSE PEREZ-TAMAYO,<br>　　　　　　　　　　Plaintiffs,<br>v.<br>DAVIS COUNTY SCHOOL DISTRICT, DAVIS HIGH SCHOOL, BRIANNE LAND ALTICE, BRYAN BOWLES, CRAIG POLL, PAMELA PARK, CRAIG CARTER, DEE BURTON, RICHARD FIRMAGE, RYAN BISHOP, CATHY EVANS, DAVE [SCOTT] NIELSON, and DOES 1-10.<br><br>　　　　　　　　　　Defendants. | **ORDER ON DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**<br><br>Case No. 1:15-cv-0162<br>Case No. 1:15-cv-0157 (consolidated)<br><br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 2).

This matter is presently before the court on District Defendants'[1] "Motion for Discovery Sanctions." (ECF No. 65).

---

[1] "District Defendants" refers to Davis County School District, Davis County High School, Bryan Bowles, Craig Poll, Dee Burton, Richard Firmage, Kathy Evans, and Scott Nielson.

## BACKGROUND

On November 2, 2017, District Defendants filed a Short Form motion seeking to compel Plaintiffs to provide complete initial disclosures and responses to written discovery. (ECF No. 57) That motion also requested an award of attorney fees. (*Id.*) Plaintiffs never responded to the motion to compel. District Defendants timely submitted the motion for decision on November 13, 2017. (ECF No. 59); *see* D.U. Civ. R. 37-1(6). On November 16, the court granted District Defendants' motion, including the request for attorney fees. (ECF No. 60). The November 16 Order included many specific instructions for Plaintiffs and ordered District Defendants to submit documentation calculating their reasonable fees expended pursuing their successful motion. (*See id.*) The November 16 Order afforded Plaintiffs seven days to object to District Defendants' fee submission. (ECF No. 60 at 6). On November 21, District Defendants submitted a memorandum and declaration in support of their attorney fee award. (ECF No. 62). Plaintiffs filed no objection. On December 7 the court entered an order awarding District Defendants $658.25, payable within thirty days of that order. (ECF No. 63). On January 19, 2018, District Defendants filed the present motion, indicating Plaintiffs failed to comply with the court's November 16 and December 7 Orders. (*See* ECF No. 65). District Defendants then filed a supplemental memorandum indicating they reached an informal resolution with Plaintiffs regarding certain items and requesting an extension of time for Plaintiffs to file an opposition to the present motion. (*See* ECF No. 73). Plaintiffs filed a one-page opposition. (*See* ECF No. 74). District Defendants filed their reply. (ECF No. 80). The parties did not request oral argument. The court does not independently find any need for oral argument and issues this decision based only on the parties' written submissions.

## ANALYSIS

The court notes at the outset that District Defendants' motion was successful in many respects not discussed in this order. For example, Plaintiffs paid the December 7 attorney fee award on January 31, 2018. (*See* ECF No. 73 at 6).

> I. **Plaintiffs will be sanctioned for their failure to comply with the court's earlier order to compel and may face dispositive sanctions if they do not bring themselves into compliance as described in this order.**
>
> a. **Plaintiffs may not call the witnesses with last names Gomez, Bynum, Arquette, Hanson, Long, Winquist, and Warner**

Plaintiffs may not call certain witnesses identified in their initial disclosures. A party who fails to make proper initial disclosures may not use improperly disclosed information or witnesses in subsequent proceedings, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The court's November 16 Order instructed Plaintiffs to provide all information required by Rule 26(a)(1)(A)(i) for witnesses with last names Gomez, Bynum, Arquette, Hanson, Long, Winquist, and Warner. (ECF No. 60 at 2). The court also admonished Plaintiffs for not identifying subjects about which those witnesses had knowledge. (*Id.*) District Defendants contend Plaintiffs have not provided the necessary information and asks the court preclude Plaintiffs from calling these witnesses. The court agrees with District Defendants and finds Plaintiffs should be precluded from calling these witnesses at any future stage of this case.

Plaintiffs' response lacks merit. First, Plaintiffs respond that the "identifying information for [these] witnesses . . . [is] within the control of the Davis County School District." (ECF No. 74.) This argument ignores the court's finding in the November 16 Order that "District Defendants admitted that they were able to identify many of the witnesses on the list, but were stymied by persons with the last names" identified above. (ECF No. 60 at 2). Likewise, the witnesses'

3

identities tell District Defendants nothing about what, if any, information these witnesses possess. Next, Plaintiffs contend they lack unspecified information, that District Defendants can (somehow) discover that unspecified information without Plaintiffs' assistance, and then Plaintiffs promise to subpoena the information. (ECF No. 74). Plaintiffs' proposed subpoena efforts are entirely too late. Plaintiffs' initial disclosures are not only overdue, the court ordered Plaintiffs to provide this information nearly two months ago. Notwithstanding the court's order, Plaintiffs inexplicably failed to provide even basic information about these witnesses and their possible testimony. Accordingly, Plaintiffs will be prohibited from calling these witnesses because their failure is not substantially justified and Defendants will be harmed if they are later forced to face witnesses they were not able to identify, let alone depose or interview.

> **b. Plaintiffs may not introduce documents in their case in chief unless Plaintiffs or Defendants disclosed those documents or the Davis County Attorney's Office possesses them**

Except certain documents forthcoming from the Davis County Attorney's Office, Plaintiffs may not introduce any documents in their case-in-chief other than documents previously provided to Defendants as an initial disclosure or discovery response. The court previously ordered Plaintiffs to provide or identify "with specificity documents they have in their control which they intend to use in their case-in-chief . . . ." (ECF No. 60 at 3). District Defendants request Plaintiffs be prohibited from relying, at summary judgment or trial, on any documents other than those Plaintiffs have already disclosed, documents Defendants use or disclose, and any documents forthcoming from the Davis County Attorney's Office. (ECF No. 73 at 3). Plaintiffs do not oppose this request. While Plaintiffs' response discusses the documents forthcoming from the Davis County Attorney's Office, the response does not offer any reason the court should deny the relief

4

District Defendants seek. Accordingly, aside from documents currently possessed by the Davis County Attorney's Office, Plaintiffs will be prohibited from introducing any documents in their case-in-chief unless those documents have been previously provided to Defendants, or those documents are disclosed or used by Defendants.

### c. Plaintiffs must provide certain information to Defendants by February 28 or risk dismissal of their cases

Plaintiffs must provide certain discovery responses or face dispositive sanctions for their continuing failure to comply with the court's November 16 Order. If a party fails to obey a discovery order, the court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The court's November 16 Order instructed Plaintiffs, among other things, to produce a privilege log, to state whether any documents had been withheld pursuant to objections, and to describe efforts undertaken to locate communications with or about Defendant Altice. (ECF No. 60 at 5). District Defendants indicate this has not been done. Plaintiffs do not even mention this issue in their opposition brief. (*See* ECF No. 74). Accordingly, the court will grant District Defendants' request for relief on this point. The court will order Plaintiffs to provide a privilege log and a separate log of any documents withheld on the basis of any discovery objection other than privilege. If Plaintiffs have not withheld any documents on the basis of objection or privilege, they must make an appropriate certification. Further, Plaintiffs must produce all of their communications with or about Defendant Altice and identify the efforts undertaken to locate any such communications, including efforts to retrieve communications on electronic devices. This must be completed no later than February 28, 2018. Failure to comply with this order will result in dispositive sanctions, including dismissal of all claims.

### d. The court will deny without prejudice District Defendants' request for sanctions for Plaintiffs' failure to produce social media records and devices

While the court has serious concerns about Plaintiffs' participation in discovery, the court will deny District Defendants' request for severe sanctions until the parties review documents from the Davis County Attorney's Office. The court previously ordered Plaintiffs to provide their "social media history" and to provide certain "physical devices" for inspection and copying. (ECF No. 60 at 5–6). District Defendants indicate Plaintiff Perez-Tamayo produced his social media history and has provided two devices, but has not yet provided a "white iPhone" he used during the relevant time frame. (ECF No. 73 at 5–6). District Defendants indicate Plaintiff Guild-Wolff has not complied with either request, though he "began the process of producing his social media history" during his deposition, but never completed that process. (ECF No. 80 at 3). Plaintiffs contend that records subpoenaed from the Davis County Attorney's Office contain their social media history and copies of all data taken from electronic devices related to District Defendants' requests. (*See* ECF No. 73). District Defendants concede the Davis County Attorney's Office possesses documents responsive to their requests. (ECF No. 80 at 4). While the court is deeply troubled by District Defendants' recitation of the discovery history in this case, the court is reluctant to impose the severe sanctions requested without first reviewing materials in the hands of the Davis County Attorney's Office. Accordingly, the court will deny without prejudice the request for discovery sanctions as it relates to social media and devices.[2] District Defendants may

---

2 The court additionally reminds Plaintiffs of their responsibility to avoid spoliation any evidence in their possession.

6

renew this request after reviewing the materials from the Davis County Attorney's Office.

### e. The court will hold the issue of attorney fees in abeyance, pending production by the Davis County Attorney's Office

The court declines to rule on District Defendants' request for attorney fees until the parties review materials from the Davis County Attorney's Office. An award of attorney fees for a successful motion for discovery sanctions depends upon whether a failure is substantially justified or whether other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). District Defendants request an award of attorney fees for the time expended in preparing and pursuing the motion to compel. (ECF No. 65 at 9–10; ECF No. 80 at 5). Plaintiffs make no argument against an award of attorney fees. (*See* ECF No. 74). Nonetheless, the court finds it would be premature to determine the issue on the present record. This motion for sanctions is, at present, only partially successful because the court declines to impose severe discovery sanctions for Plaintiffs' failure to produce social media documents and electronic devices purportedly in the hands of the Davis County Attorney's Office. Without that production, the court is unable to determine whether Plaintiffs' present failure is justified, or whether an award is otherwise unjust. If the production contains what Plaintiffs claim, a fee award may not be justified, at least for that portion of the motion. Accordingly, the court will deny the attorney-fee request without prejudice. If the Davis County Attorney's Office's production does not contain the social media and device information sought in District Defendants' motion, they may renew their request for fees related to this motion.

## ORDER

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Discovery Sanctions. (ECF No. 65).

Plaintiffs may not call witnesses identified in Plaintiffs' initial disclosures by the surnames

Gomez, Bynum, Arquette, Hanson, Long, Winquist, and Warner.

Other than the documents currently possessed by the Davis County Attorney's Office, Plaintiffs may not introduce any documents in their case in chief unless those documents have been previously provided to Defendants as part of their initial disclosures or discovery responses. Plaintiffs may also use documents used or disclosed by Defendants.

Plaintiffs must provide a privilege log and a separate log of any documents withheld on the basis of any non-privilege discovery objection. If Plaintiffs have not withheld any documents on the basis of objection or privilege, they must make an appropriate certification. This must be completed no later than February 28, 2018. Failure to comply will result in dispositive sanctions, including dismissal of all claims.

Plaintiffs must produce all of Plaintiffs' communications with or about Defendant Altice and identify the efforts undertaken to locate any such communications, including efforts to retrieve communications on electronic devices. This must be completed no later than February 28, 2018. Failure to comply will result in dispositive sanctions, including dismissal of all claims.

The remaining requests in District Defendants' motion are denied without prejudice.

Dated this 14th day of February 2018.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge