Brianne Altice
Pro Se
Utan State Prison
P.O Box 250
Draper Utah 84020

FILED
U.S. DISTRICT COURT

2018 NOV 16 P 1:08

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

In the United States District Court
In and for the District of Utah, Central District

Joseph Guild-Wolff
    Plantiff,

V.

Davis County School District,
Board of Education of the Davis
School District, Brianne Land
Altice, Bryan Bowles, Dee Burton,
Richard Firmage, Kathy Evans,
Scott Nielson and DOES 1-10.

   Defendants,

And
Adrian Perez-Tamayo, Gina
Muscolino, and Jose Perez-Tamayo
    Plantiffs,

V. [Et.al]
Davis County School District,
Davis High School, Brianne Land
Altice, Bryan Bowles, Craig Poll,
Pamela Park, Craig Carter, Dee
Burton, Richard Firmage,
Ryan Bishop, Cathy Evans, Scott
Nielson, and DOES 1-10

   Defendants

Brianne Land Altice's Motion
for Summary Judgment and
Memorandum in Support

Case No. 1:15-CV-0162
Case No. 1:15-CV-0157 (consolidated)

Judge Robert J. Shelby
Magistrate Judge Dustin B. Pead

1

| | |
|---|---|
| Motion/Introduction and relief sought | 1 |
| Memorandum of Law | 1 |
| Statement of undisputed material facts | 1 |
| LEGAL STANDARD | 2 |
| LEGAL ARGUMENT | 2 |
| I- Ms. Attica didnot Breach fiduciary Duty | 2 |
|    A- fiduciary Duty claim | 2 |
|    B- One time sexual intercourse off campus after School year | 4 |
| II- Refer for all other claims | 4 |
| Conclusion | 5 |

Table of Authorities

| | |
|---|---|
| Andre v Pace U., 655 N.Y.S 2d 777 (App. Div 2nd Dept 1996) | 2 |
| Ho v U. of Tex. at Arlington, 984 S.W. 2d 672 (Tex App 7th Dist 1998) | 2 |
| Chay, 254 F.3d at 1347 with U of W. Va. v (Fed Civ. 2002) | 3 |
| Adorno v delgado, 2004 (Ohio App 4th Dist Oct 20, 2004) | 3 |
| Culbertson v Wigley, 2002 WL 2195570 (Ohio App 4th dist 2002) | 3 |
| Zumbrun v U. of S Cal., Rptr. 499, 506 (Cal. App 2d dist 1972) | 4 |
| Ho v U. of Tex. at Arlington 984 S.W. 2d 672 (Tex App 7th Dist 1998) | 4 |

## Motion/Introduction and Relief Sought

Defendant Brianne Land Altice, Pro Se, pursuant to Federal Rule of Civil procedures 56 and DuCivR 56-1, move for Summary Judgment on all claims against her in the amended complaint filed by Plantiff Joseph Guild-Wolff (Doc. 6 in case '162) and the complaint filed by Adrian Perez-Tamayo, Gina Muscolino, and Jose Perez-Tamayo (Doc. 2 in Case '157). The bases of the motion include:

1. Brianne Land Altice is entitled to summary judgment on Plantiff's Breach of Fiduciary Duty claim because
    A- If a Fiduciary Duty exists between teacher and student, the duty is low and poorly defined.
    B- Mr. Guild-Wolff was not particularly dependent upon Ms. Altice.
    C- The one time sexual intercourse took place after the end of the school year, and not on school property.

2. Brianne Land Altice is entitled to summary judgment on All other claims because
    A- Refer to Assistant Utah Attorney Generals Motion for Summary Judgment in this case.

For these reasons, as more fully described in the Memorandum of Law attached hereto, Ms. Brianne Land Altice request the court to grant her motion and dismiss all claims in both complaints with prejudice.

## Memorandum of Law

Statement of Undisputed material facts.

1- Refer to Assistant Utah Attorney Generals Memorandum of Law in Motion for Summary Judgment in this case.

(1)

## Legal Standard

Summary Judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. In such a situation, there can be no issue of material fact because a failure of proof on an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp v Catrett, 477 U.S. 317, 322-23 (1986).

## Legal Argument

I. Ms. Altice did not breach any Fiduciary Duty.

Guild-Wolff's sixth cause of action claims a breach of Fiduciary Duty.

Defendant is entitled to judgment as a matter of law on Plaintiff's Breach of Duty Claim. First, Plaintiff Guild Wolff's claim against Ms. Altice must be dismissed, because if a fiduciary duty even exists between teacher and student the duty is low. Second, Plaintiff's lack of evidence on the elements of fiduciary duty cause of action against the defendant, therefore, Ms. Altice is entitled to summary judgment.

A- Fiduciary Duty Claim

If a fiduciary duty exists, it is a comparatively low degree of duty. The teacher student relationship is one defined by rights rather than duty, and/or contractual rather than duty. Some courts conclude that the relationship between teacher and student is NOT a fiduciary relationship. Andre v Pace U., 655 N.Y.S. 2d 777 (App. Div 2d Dept. 1996) Ho v U. of Tex. at Arlington, 984 S.W. 2d 672 (Tex. App 7th Dist. 1998) Ms. Altice's behavior was not a breach of Fiduciary Duty. Compare Chou, 254 F. 3d at 1347 with U. of W. Va. v

(2)

VanVoorhies, 278 F.3d 1288 (Fed Cir. 2002).

Ms. Altice acted in a sphere of conduct were a fiduciary has relatively little power and control over a student, and is closely supervised and had little control over curricular and other choices; ie student turnover and who is enrolled or admitted into each of her classes.

Ms. Altice taught in a tightly bound environment with little discretion, therefor having a low magnitude of duty. Ms. Altice was a teacher who had less exposure to a large number of students also lowering the degree of duty.

The nature of Mr. Guild-Wolff's "reliance" on Ms. Altice was also very low. In this case there was no "special relationship" created by teacher and student which is required for a fiduciary relationship to exist. Teacher did not select student, and student did not choose teacher. This relationship was created from informal means, as to no degree of reliance as a general matter. Adorno V Delgado, 2004 WL 2348158 at *2 (Ohio App. 9th Dist. Oct 20, 2004) ("A fiduciary relationship may be created either formally, by contract, or informally. An informal relationship, however, cannot be unilateral, and occurs only where " both parties understand that a special relationship or trust has been reposed." (quoting Culbertson V Wigley Title Agency, Inc., 2002 WL. 219570 at *3 (Ohio App. 9th Dist. Feb 13, 2002 (internal quotation omitted)).

As a general matter, the rights and duties of an educator are vague and subject to minimal elucidation. There are duties that lie on the periphery of the teacher's responsibility or that are ill defined. The fiduciary expectations of an educator are not clearly defined, and not sufficiently explained.

The scope of Altice and Guild-Wolff's relationship was the result of an assignment that did not reflect the will or preference of either party in respect to teacher or student. Mr. Guild-Wolff was not particularly dependent upon Ms. Altice. Except for

(3)

English curriculum, educational guidance, coursework, and materials, which were all provided for Mr. Guild-Wolff by Ms. Attice. See Zumbrun v. U. of S. Cal.; Rptr, 499, 606 (Cal. App 2nd Dist. 1972) ("The mere placing of trust in another person does not create a fiduciary relationship. An agreement to communicate one's knowledge, exercising his special knowledge and skill in the area of learning concerned, does not create a trust, but only a contractual obligation.") The reasons for reliance are offered by Mr. Guild-Wolff, and that reliance is based largely or entirely upon the projection of duty upon Ms. Attice as a would-be fiduciary, lowering the magnitude of duty once again. See Ho v U. of Tex. at Arlington, 984 S.W2d 672 (Tex. App, 7th Dist. 1998) (finding, as a matter of law that "formal fiduciary relationships do not exist between teachers and students in a normal education setting." Ms. Attice was unaware of any such 'reliance' of Plaintiff Guild-Wolff on her.

The common law standards of fiduciary duty also holds a relatively low magnitude of duty, if at all, in this case.

B. One time sexual intercourse after end of school year and off of school property.

Ms. Attice and Mr. Guild-Wolff's sexual intercourse was an isolated incident, and took place after said school year, and off of Davis High School campus. The defendant does not prove claim of psychological, developmental, or any other injury, which does not meet the plaintiffs burden of proof.

II. For all other claims, refer to the Motion for Summary Judgment filed by Kyle J. Kaiser Assistant Utah Attorney General in this case.

(4)

<u>Conclusion</u>

For the reasons stated, Ms. Altice requests the court to grant her motion, and dismiss all claims brought by both defendants with prejudice.

Dated: November 14, 2018

*Brianne L. Altice*
Brianne L. Altice
Pro Se

(5)

Brianne L. Altice  222952
Utah State Prison
PO Box 250
Draper, Utah 84020



U.S. POSTAGE PAID
FCM LETTER
ROY, UT
84067
NOV 13, 18
AMOUNT
$0.71
R2304M111069-01

United States District Court
District of Utah
Office of the Clerk
United States Courthouse
351 South West Temple
Salt Lake City, Utah 84101

NON MACHINABLE