DEREK G WILLIAMS (14503)
497 N. Main Street
Kaysville, UT 84037
Telephone:  (801) 893-9529
dwilliams@wasatchlegalservices.com

---

IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH GUILD-WOLFF<br>　　　　　　　　　　　Plaintiff,<br>v.<br>DAVIS COUNTY SCHOOL DISTRICT, BOARD OF EDUCATON OF THE DAVIS SCHOOL DISTRICT, BRIANNE LAND ALTICE, BRYAN BOWLES, DEE BURTON, RICHARD FIRMAGE, KATHY EVANS, SCOTT NIELSEN, and DOES 1-10.<br>　　　　　　　　　　　Defendants.<br><br>And<br><br>ADRIAN PEREZ-TAMAYO, GINA MUSCOLINO, and JOSE PEREZ-TAMAYO<br>　　　　　　　　　　　Plaintiffs,<br>v.<br>DAVIS COUNTY SCHOOL DISTRICT, BOARD OF EDUCATION OF THE DAVIS SCHOOL DISTRICT, BRIANNE LAND ALTICE, BRYAN BOWLES, DEE BURTON, RICHARD FIRMAGE, KATHY EVANS, SCOTT NIELSEN, and DOES 1-10.<br>　　　　　　　　　　　Defendants. | **RESPONSE TO DISTRICTS DEFENDANTS' OBJECTION TO PLAINTIFFS' FACTS SUPPLIED IN THEIR RESPONSE TO DISTRICT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:15-cv-0162<br>Case No. 1:15-cv-0157 (consolidated)<br><br>Judge Robert J. Shelby |

Comes now Plaintiffs, through Counsel Derek Williams, and provide a response to District Defendants' Objections to Plaintiffs' Facts supplied in their Response to District Defendants' Motion For Summary Judgment.

District Defendants claim all facts provided by Plaintiffs should be disregarded for failure to follow local rule DUCivR 56(c) 3 & 4, by not clearly restating facts that are disputed.  The rule states "the nonmoving party should not restate all of the moving party's statement of facts and should reply to those facts for which there is a genuine dispute of material facts". *Id.*

That is exactly what Plaintiff's Response does.  It does not restate the Defendant's facts but does dispute the Defendant's facts with Plaintiff's facts.

As to the alleged additional facts in the Legal Argument section.  Generally speaking these are a more detailed explanation of the facts disputed in the Statement of Material Facts section.  If they should have been made in a Statement of Additional Material Facts, this is a not fatal error and should not bar the evidence.   Plaintiff's council would gladly reformat the structure of the Response if the Court desires as permitted by Federal Rules of Civil Procedure Rule 56 (e) "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56 (c), the court may: (1)give an opportunity to properly support or address the fact;". *Id.*

The facts sited in the Statement of Undisputed Facts and the Legal Argument are all facts that were readily available to Defendants as they were either provided through initial disclosures or discovery.  All facts obtained and sited from the discovery process were provided to Plaintiffs by the Defendants.

Defendants site *Brown* to claim the facts should be excluded.  In *Brown*, the court held a new fact asserted in the appeal process that was not supported or referenced in the summary judgment stage of the case, was not permitted for purposes of the appeal.

While a few of the documents sited by the Plaintiffs were inadvertently not uploaded with the filing of the Response; the record has been updated with these documents.  Again, except for the audio file of Mrs. Warrick, all the documents sited were provided to Plaintiffs by Defendants.  The audio file

has also been included in the record and an email version of the audio file has been emailed to Defendants.  The audio file was also part of the discoverable material and was available to Defendants at all times.

The Court has the discretion to allow the record to supplemented.  In *Lattanzio v. Dep. of Higher Educ.* The Court allowed this very thing.  *Lattanzio v. Dep. of Higher Educ.*, 190 Fed.Appx. 27, 28 (2006)(not selected for publication).  "the District Court did not err by permitting defendants to supplement their papers… Rule 56 allows for the parties to supplement their summary judgment materials.  See Fed.R.Civ.P. 56(e) ("The court may permit affidavits to be supplemented….")" *Id.*

Defendants claim a number of facts sited by Plaintiffs are not admissible.  These facts are admissible.  Defendants claim hearsay to exclude the evidence, but this argument should be rejected.  The individual declarants could be subpoenaed to testify about the substance and truthfulness of the statements made, as well as their firsthand knowledge the facts sited.  Even if the declarants were not available to testify, the facts cited are taken from governmental document recorded in the normal course of business – which are generally allowable under Rule 803(8) of the Federal Rules of Evidence.  Furthermore, even if the Court finds that the public records exception to the hearsay rule doesn't apply, Rule 807 of the Federal Rules of Evidence (Residual Exception) should apply.  Under Rule 807 the statement cannot be excluded if 1) the statement has equivalent circumstantial guarantees of trustworthiness; 2) is offered as evidence of a material fact; 3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and 4) admitting it will best serve the purposes of these rules and the interest of justice.

Defendants indicate several declarants were not included in the Plaintiff's initial disclosures.  This is because Plaintiffs became aware of the declarants through the discovery process.  Defendants

were also aware of these declarants through the discovery process.  As all discovery materials were available to both parties at the same time.

For the reasons stated above, Defendants objection should be overruled.  Defendants arguments are based on procedural technicalities that are permitted to be corrected and not on the substance of the case.

The Plaintiffs urge the Court to recognize the genuine dispute of material facts and deny Defendant's motion for summary judgment.

Dated: December 19, 2018

/s/ Derek G. Williams
Derek G. Williams
Attorney For Plaintiffs